UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 15-6278 AB (JCG) | Date | December 15, 2015 |
|---|---|---|---|
| Title | *Patrick Ryan Washington v. Los Angeles Department of Transportations, et al.* | | |

| Present: The Honorable | Jay C. Gandhi, United States Magistrate Judge | | |
|---|---|---|---|
| Kristee Hopkins | None Appearing | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Appearing | None Appearing |

Proceedings: (IN CHAMBERS) ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

# I. Introduction

On August 18, 2015, plaintiff Patrick Ryan Washington ("Plaintiff"), proceeding *pro se*, filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983. [Dkt. No. 1.] The Complaint names three defendants: (1) the Los Angeles Department of Transportation ("LADOT"), (2) Towwerks, LLC ("Towwerks"), and (3) Los Angeles County Superior Court Judge Kenji Machida. (Compl. at 2.)

As currently pled, the Complaint warrants dismissal, but Plaintiff shall be afforded leave to amend.

# II. Allegations of the Complaint

On the evening of May 2, 2014, Plaintiff legally parked his car along East Third Street in Downtown Los Angeles. (Compl. at 4.) Early the next morning, Plaintiff discovered that his car was missing, and called 911 to report it stolen. (*Id.*) Plaintiff was told that his car had been towed away by Towwerks, at the instruction of LADOT. (*Id.*)

At an emergency hearing held on May 6, 2014, LADOT justified the impoundment of Plaintiff's car on the grounds that Plaintiff had five outstanding, unpaid parking citations. (*Id.* at 5, Ex. D (citing Cal. Veh. Code § 22651(i)). Because Plaintiff could afford to pay neither the outstanding fines nor the fees demanded by Towwerks, Plaintiff's car remained in Towwerks's possession. (*Id.* at 7-8, Exs. D, E.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 15-6278 AB (JCG) | Date | December 15, 2015 |
|---|---|---|---|
| Title | *Patrick Ryan Washington v. Los Angeles Department of Transportations, et al.* | | |

In July 2014, Towwerks initiated a small claims court action against Plaintiff, seeking $2,500.00 and the right to sell Plaintiff's car at auction. (*Id.* at 9, Ex. H.) In August 2014, Plaintiff filed a counterclaim against Defendant, demanding $10,000.00 for Towwerks's alleged violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. (*Id.* at 10, Ex. I.)

On October 1, 2014, Towwerks won a $2,500.00 judgment against Plaintiff in small claims court, and obtained the right to sell Plaintiff's car in satisfaction of the judgment. (*Id.* at 10, Ex. J.) Plaintiff appealed to the Los Angeles County Superior Court ("State Court Action"), and, on December 19, 2014, after a trial *de novo*, the Honorable Kenji Machida entered judgment ("Superior Court Judgment" or "Judgment") for Towwerks. (*Id.* at 10, Ex. L.)

## III. Legal Standards

Because Plaintiff is proceeding *in forma pauperis*, the Court must screen the Complaint before ordering service on any defendant, to determine whether the Complaint is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

Dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In making this determination, a complaint's allegations must be accepted as true and construed in the light most favorable to plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the complaint allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 15-6278 AB (JCG) | Date | December 15, 2015 |
|---|---|---|---|
| Title | *Patrick Ryan Washington v. Los Angeles Department of Transportations, et al.* | | |

## IV. <u>Judicial Immunity as to Judge Machida</u>

Preliminarily, "[j]udges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (affirming dismissal of *pro se* plaintiff's claim against California superior court judge). "Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal quotation marks omitted).

Here, Judge Machida presided over Plaintiff's trial *de novo* in Los Angeles County Superior Court and entered the Superior Court Judgment. (*See* Compl. at 10, Ex. L.) These are plainly "judicial acts taken within the jurisdiction" of the Superior Court. *See Schucker*, 846 F.2d at 1204. Accordingly, Judge Machida is entitled to immunity from liability for damages purportedly caused by those acts. *See id.* As such, Plaintiff's claims against Judge Machida must be dismissed. *See id.*

Plaintiff is forewarned that the Court will dismiss, or recommend dismissal of, any claim that Plaintiff purports to assert against Judge Machida on these alleged facts.

//

//

//

//

//

//

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 15-6278 AB (JCG) | Date | December 15, 2015 |
|---|---|---|---|
| Title | *Patrick Ryan Washington v. Los Angeles Department of Transportations, et al.* | | |

## V. Claim Preclusion as to Towwerks

Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). In considering whether a past judgment should be given preclusive effect, federal courts apply the preclusion rules of the state from which the judgment issued. *Cf. San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009). Under California law, the doctrine of claim preclusion will apply if three requirements are met: (1) the second lawsuit must involve the same "cause of action" as the first one,[1] (2) there must have been a final judgment on the merits in the first lawsuit, and (3) the party to be precluded must itself have been a party, or in privity with a party, to that first lawsuit. *Id.* at 734.

Upon consideration of these three factors, the Court finds that Plaintiff's claims against Towwerks are precluded by the Superior Court Judgment.

First, Plaintiff's Complaint presents the "same 'cause of action'" as the State Court Action. *See id.* Although the Complaint includes additional constitutional theories, and seeks a substantially greater damages award, the Complaint involves the "same injury" as the State Court Action, namely, the removal and impoundment of Plaintiff's car in May 2014. (*Compare* Compl. at 4 *and* Compl. Ex. I.) As such, Plaintiff's Complaint involves the same "primary right" as the State Court Action, and thus presents the same "cause of action" for purposes of claim preclusion. *See San Diego Police Officers' Ass'n*, 568 F.3d at 734.

Second, the Superior Court Judgment is plainly a "final judgment on the merits." (*See* Compl. Ex. L); *see also San Diego Police Officers' Ass'n*, 568 F.3d at 734. As the Judgment itself indicates, the Superior Court entered Judgment after "evidence [had]

---

[1] To determine whether two actions involve the same "cause of action," California courts apply the "primary rights" doctrine. *See San Diego Police Officers' Ass'n*, 568 F.3d at 734. If two actions "involve the same injury to the plaintiff and the same wrong by the defendant," then the same "primary right" is at stake, even if, in the second suit, "the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Id.* (quoting *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (Cal. Ct. App. 1983)) (internal brackets omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 15-6278 AB (JCG) | Date | December 15, 2015 |
|---|---|---|---|
| Title | *Patrick Ryan Washington v. Los Angeles Department of Transportations, et al.* | | |

been adduced, and the cause [had been] argued and submitted to the Court for decision . . . ." (Compl. Ex. L); *see also Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 77 (2000) ("A judgment is on the merits for purposes of [claim preclusion] if the substance of the claim is tried and determined.") (internal quotation marks omitted).

Third, both Plaintiff and Towwerks were parties to the State Court Action. (Compl. Ex. L); *see San Diego Police Officers' Ass'n*, 568 F.3d at 734.

Accordingly, the Court finds that Plaintiff is precluded from asserting claims against Towwerks that involve the removal and impoundment of Plaintiff's car in May 2014. *See San Diego Police Officers' Ass'n*, 568 F.3d at 734. As such, Plaintiff's claims against Towwerks must be dismissed. *See id.*

Plaintiff is forewarned that the Court will dismiss, or recommend dismissal of, any claim that Plaintiff purports to assert against Towwerks on these alleged facts.

## VI. Claims against LADOT

Among the Complaint's remaining causes of action, Plaintiff asserts two claims against LADOT that warrant particular attention here: (1) unlawful seizure under the Fourth and Fourteenth Amendments, and (2) violation of procedural due process under the Fourteenth Amendment.[2]

### A. Municipal Liability

Preliminarily, a municipal entity cannot be held liable for the constitutional torts of its officers under a *respondeat superior* theory of liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, to maintain a § 1983 claim against a municipal entity, a plaintiff must allege that his or her constitutional injury was caused by "an expressly adopted official policy, a long-standing practice or custom, or the decision of a final policy-maker." *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) (internal quotation marks omitted). Additionally, the plaintiff must allege that the

---

[2] Plaintiff also purports to assert a claim under the Fifth Amendment. (*See* Compl. at 12.) However, the Fifth Amendment's due process claim applies only to the federal government. *See Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 15-6278 AB (JCG) | Date | December 15, 2015 |
|---|---|---|---|
| Title | *Patrick Ryan Washington v. Los Angeles Department of Transportations, et al.* | | |

municipal entity's policy, practice, or custom amounted to "deliberate indifference" to the plaintiff's constitutional rights, and was the "moving force" behind the constitutional violation. *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).

As discussed below, Plaintiff has failed to allege that any constitutional violation he may have suffered was caused by a municipal policy, practice, or custom. However, Plaintiff shall be afforded leave to amend these claims.

B. <u>Unlawful Seizure under the Fourth and Fourteenth Amendments</u>

First, Plaintiff claims that the impoundment of his car constitutes an unlawful seizure under the Fourth and Fourteenth Amendments.

Generally, the impoundment of an automobile constitutes a "seizure" within the meaning of the Fourth Amendment. *Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2005). Although California Vehicle Code 22651(i)(1) authorizes an officer, in specified circumstances, to impound a vehicle when its owner has five or more unpaid parking violations, an impoundment pursuant to the authority of a state statute does not, in and of itself, determine the reasonableness of a seizure under the Fourth Amendment. *See Ramirez v. City of Buena Park*, 560 F.3d 1012, 1024-25 (9th Cir. 2009).

Importantly, when a seizure is conducted without a warrant, it is *per se* unreasonable under the Fourth Amendment, unless it falls within one of a few "specifically established and well delineated exceptions." *Id.* at 1025. Among these is the "community caretaking" exception, pursuant to which officers may impound vehicles that "jeopardize public safety and the efficient movement of vehicular traffic." *Miranda*, 429 F.3d at 864. Notably, the Ninth Circuit has held that "[t]he need to deter a driver's unlawful conduct is by itself insufficient to justify a tow under the 'caretaker' rationale." *Id.* at 866.

Here, Plaintiff alleges that his car, which had been legally parked, was towed away at the instruction of LADOT. (Compl. at 4.) Further, Plaintiff alleges that LADOT's stated basis for impounding his car was that Plaintiff had accumulated five outstanding, unpaid parking citations. (*Id.* at 5, Ex. D.) On these alleged facts, it is not apparent to the Court that the impoundment of Plaintiff's car necessarily falls into any "community

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 15-6278 AB (JCG) | Date | December 15, 2015 |
|---|---|---|---|
| Title | *Patrick Ryan Washington v. Los Angeles Department of Transportations, et al.* | | |

caretaking" exception. *See Miranda*, 429 F.3d at 864. As such, Plaintiff presents a colorable claim that the alleged impoundment of his car at the instruction of LADOT constitutes an unreasonable "seizure" under the Fourth Amendment. *See Ramirez*, 560 F.3d at 1025.

However, as discussed above, to establish municipal liability, Plaintiff must allege that his constitutional injury was caused by "an expressly adopted official policy, a long-standing practice or custom, or the decision of a final policy-maker." *See Ellins*, 710 F.3d at 1066 (internal quotation marks omitted). He has failed to do so. Notably, Plaintiff submits a 2011 letter from the then-City Controller to the then-Mayor of Los Angeles, in which the Controller criticizes LADOT's frequent failure "to initiate a boot or an impound of [a parking ticket scofflaw's] vehicle," and urges LADOT to adopt "a consistent scofflaw enforcement policy," with the apparent goal of raising city revenue. (Compl. Ex. G.) The Court appreciates the general relevance of this letter to Plaintiff's constitutional claims. However, by its terms, the letter does not evidence the *existence* of an LADOT policy, but rather urges the *adoption* of one. (*See id.*)

In sum, if Plaintiff chooses to amend his Complaint, Plaintiff must set forth enough facts to plausibly allege that the claimed unlawful seizure was caused by "an expressly adopted official policy, a long-standing practice or custom, or the decision of a final policy-maker." *See Ellins*, 710 F.3d at 1066 (internal quotation marks omitted); *Twombly*, 550 U.S. at 570.

    C.    <u>Procedural Due Process under the Fourteenth Amendment</u>

Second, Plaintiff claims that the impoundment of his car without prior notice constitutes a procedural due process violation under the Fourteenth Amendment.

As a rule, a court's determination as to "what procedural requirements are necessary to satisfy due process" in a given situation "requires a sensitive inquiry into the competing governmental and private interests affected." *Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320, 1324 (9th Cir. 1982). In *Miranda v. City of Cornelius*, the Ninth Circuit suggested that, when a car is parked a public place but poses no threat to public safety or the efficient movement of traffic, the question of whether a pre-deprivation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 15-6278 AB (JCG) | Date | December 15, 2015 |
|---|---|---|---|
| Title | *Patrick Ryan Washington v. Los Angeles Department of Transportations, et al.* | | |

hearing should have been held requires a "detailed analysis of the competing interests involved." *See Miranda*, 429 F.3d at 867.

Here, Plaintiff alleges that his car was impounded at the instruction of LADOT, without any prior notice to Plaintiff. (Compl. at 4.) It would be premature, at this juncture, to engage in a "detailed analysis of the competing interests involved." *See Miranda*, 429 F.3d at 867. However, Plaintiff's due process claim – like his unlawful seizure claim – must be dismissed, in any event, because Plaintiff has failed to allege that the constitutional violation was caused by a municipal policy, practice, or custom. *See Ellins*, 710 F.3d at 1066.

If Plaintiff chooses to amend his Complaint, Plaintiff must set forth enough facts to plausibly allege that the claimed due process violation was caused by "an expressly adopted official policy, a long-standing practice or custom, or the decision of a final policy-maker." *See id.* (internal quotation marks omitted); *Twombly*, 550 U.S. at 570.

## VII. Plaintiff's Remaining Claims

In addition to the particular claims analyzed above, Plaintiff presents several others that are quickly disposed of.

First, Plaintiff's claim under 42 U.S.C. § 1985(3) must be dismissed because Plaintiff fails to allege that any "racial, or . . . otherwise class-based, invidiously discriminatory animus" lay behind the claimed constitutional deprivations. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993).

Second, and consequently, Plaintiff's claim under 42 U.S.C. § 1986 must also be dismissed. *See Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985) ("[A] cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985.").

Third, Plaintiff's Eighth Amendment claim must be dismissed because Plaintiff was not punished for violating a criminal statute. *See Ingraham v. Wright*, 430 U.S. 651, 667 (1977) ("The primary purpose of the Cruel and Unusual Punishments Clause has always been considered, and properly so, to be directed at the method or kind of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 15-6278 AB (JCG) | Date | December 15, 2015 |
|---|---|---|---|
| Title | *Patrick Ryan Washington v. Los Angeles Department of Transportations, et al.* | | |

punishment imposed for the violation of criminal statutes.") (internal parentheses omitted); *United States v. Choudhry*, 461 F.3d 1097, 1101 (9th Cir. 2006) (concluding that California law treats parking violations as "civil offenses subject to civil penalties").

Fourth, to the extent Plaintiff purports to claim that LADOT violated his rights under the Sixth Amendment (guaranteeing certain protections to criminal defendants), the Seventh Amendment (guaranteeing the right to a jury trial in federal court), or the Ninth Amendment (acknowledging that "the people" may retain unenumerated rights), such claims are inapposite here.

Fifth, and finally, Plaintiff is advised that any perceived distinctions between "natural" and "artificial person[s]" (*see* Compl. at 2), or between "driver[s]" and "traveler[s]" (*see id.* at 6), are unavailing, and need not be referenced in any amended complaint.

## VIII. Leave to File an Amended Complaint

As the Court cannot conclude that amendment to the Complaint would be futile, leave to amend is granted. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Accordingly, **IT IS ORDERED THAT**:

1) Within **30 days of the date of this Order**, Plaintiff may submit a First Amended Complaint to cure the deficiencies discussed above. The Clerk of Court is **DIRECTED TO** mail Plaintiff a court-approved form to use for filing the First Amended Complaint. **If Plaintiff fails to use the court-approved form, the Court may strike the First Amended Complaint and dismiss this action**.

2) If Plaintiff chooses to file a First Amended Complaint, he must comply with Federal Rule of Civil Procedure 8, and contain short, plain statements explaining: (a) the constitutional right Plaintiff believes was violated; (b) the name of the defendant who violated that right; (c) exactly what that defendant did or failed to do; (d) how the action or inaction of that defendant is connected to the violation of Plaintiff's constitutional right; and (e) what specific injury

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 15-6278 AB (JCG) | Date | December 15, 2015 |
|---|---|---|---|
| Title | *Patrick Ryan Washington v. Los Angeles Department of Transportations, et al.* | | |

Plaintiff suffered because of that defendant's conduct. *See* Fed. R. Civ. P. 8. If Plaintiff fails to affirmatively link the conduct of the defendant with the specific injury suffered by Plaintiff, the allegation against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant has violated a constitutional right are not acceptable and will be dismissed.

3) Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," and it must be retyped or rewritten in its entirety on the court-approved form. The First Amended Complaint may not incorporate any part of the Complaint by reference.

4) As a rule, any amended complaint supersedes previously filed complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992). Thus, after amendment, the Court will treat the Complaint as nonexistent. *Id.*

**IT IS SO ORDERED.**

cc: Parties of Record

00 : 00

Initials of Clerk        kh